**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**ROBERT CARLOW**
**JAMES PERRY**
**WILLIAM PERRY and**
**DAVID GORMAN**

**v.** **Civil Action Number 04-325-S**

**STANLEY MRUK and**
**CONRAD BURNS in their personal**
**and official capacities**

**STATEMENT OF UNDISPUTED FACTS**

Having filed a motion for summary judgment, the defendants, Stanley Mruk and Conrad Burns, in accordance with Local Rule 12.1(a)(1), submit that there is no genuine dispute as to the following material facts:

1. The Coventry Fire District ("District") was established by special legislation in 1889 ("Authorizing Act") for the purpose of fighting and preventing fires within a limited area of the Town of Coventry, Rhode Island commonly known as Anthony.

2. In accordance with the terms of the Authorizing Act, the District holds its annual meeting on the second Tuesday in December.

3. The 2003 annual meeting was held on December 9, 2003.

4. Pursuant to Rhode Island law, the District's annual meetings are run by the District's Moderator, Conrad Burns.

5. Stanley J. Mruk, the Chief of the Coventry Fire District, plays no role in the conduct of the annual meeting, including the 2003 Annual Meeting, but does present reports, the proposed budget and respond to questions from the District's residents.

6. All decisions made by Moderator Burns with respect to establishing and/or enforcing the rules of order governing the 2003 Annual Meeting were made without input from or consultation with Chief Mruk.

7. During the annual meetings, the residents of the District adopt a budget and tax rate for the upcoming year, elect officers to vacant positions, and vote on various resolutions governing the operation of the District and its fire department, which is known as the Anthony Fire Department.

8. All rules and decisions made by Moderator Burns are subject to being overruled by a majority vote of the voters attending the District's annual meetings.

9. At the start of the 2003 Annual Meeting, Moderator Burns announced the rules of order which, *inter alia*, prohibited non-residents from speaking or otherwise participating in the meeting.

10. Although a voter may make a motion to overrule a rule of order announced by the moderator, no such motion was made to over rule the rule prohibiting non-residents from speaking or otherwise participating in the meeting.

11. At the start of the 2003 Annual Meeting, Moderator Burns announced the rules of order which, *inter alia*, prohibited the video taping of the meeting, except by members of the press.

12. A motion was made by a voter to reverse this prohibition on videotaping the meeting but, after a vote of the District's residents, the prohibition was upheld on a hand vote.

13. After the motion to overrule the moderator and allow the videotaping of the meeting was defeated, there was neither a motion to take another vote using a paper ballot nor a motion to reconsider the question.

14. The residents of the District are allowed to speak at the District's annual meetings after coming to the podium and giving their names and addresses.

15. During the 2003 Annual Meeting several residents of the District who spoke at the meeting were critical of the District's operations, policies and/or its officials, including Conrad Burns and Stanley Mruk.

16. Non-residents are allowed to attend the District's annual meetings but are not allowed to speak or otherwise participate in those meetings, and must sit in an area separate and apart from the voters.

17. The Plaintiff, Robert Carlow, was not a resident of, or voter in, the Coventry Fire District in December of 2003.

18. The Plaintiff, Robert Carlow, did not identify himself a resident of, or voter in, the Coventry Fire District prior to the start of the 2003 Annual Meeting.

19. The Plaintiff, James Perry, was not a resident of, or voter in, the Coventry Fire District in December of 2003.

20. The Plaintiff, James Perry, did not identify himself a resident of, or voter in, the Coventry Fire District prior to the start of the 2003 Annual Meeting.

21. The Plaintiff, William Perry, was not a resident of, or voter in, the Coventry Fire District in December of 2003.

22. The Plaintiff, William Perry, did not identify himself a resident of, or voter in, the Coventry Fire District prior to the start of the 2003 Annual Meeting.

23. The Plaintiff, David Gorman, was not a resident of, or voter in, the Coventry Fire District in December of 2003.

24. The Plaintiff, David Gorman, did not identify himself a resident of, or voter in, the Coventry Fire District prior to the start of the 2003 Annual Meeting.

25. A member of the Town Council of the Town of Coventry, Rhode Island, who wished to speak at the 2003 Annual Meeting, could not do so because he was not a resident of, or voter in, the District.

Respectfully submitted,

Defendants,
STANLEY MRUK and CONRAD BURNS

By their attorneys,

George H. Rinaldi (#5599)
LITTLE MEDEIROS KINDER BULMAN &
WHITNEY, PC
72 Pine Street
Providence, RI 02903
Tel: (401) 272-8080
Fax: (401) 272-8195

Dated: July 29, 2005

# CERTIFICATION

I hereby certify that on the 29 day of July, 2005, I caused a true and accurate copy of the within Statement of Undisputed Facts to be mailed, by first class mail, postage prepaid, to Gary D. Berkowitz, Esq., 1 James Street, Providence, RI 02903

O:\Data\8823\Dktct\Stmt\05311.doc